UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:11-CR-54-GFVT-11 |
| V. | ) ) | |
| SHEILA DIANE SPIVEY, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 687.] Defendant Sheila Diane Spivey has been charged with four violations of her terms of supervised release. *Id.* at 2.

Following a guilty plea to 1 Count of conspiracy to distribute oxycodone, Ms. Spivey was sentenced to 41 months of incarceration followed by 3 years of supervised release. [R. 478.] Ms. Spivey began her term of supervised release in September, 2014. [R. 687 at 1.] Among other conditions, Ms. Spivey's terms of supervision included that she (1) report to the probation officer as instructed, (2) follow the officer's instructions, (3) participate in a substance abuse program if necessary, (4) participate in a mental health treatment program, (5) not commit another federal, state, or local crime, and (6) not unlawfully possess a controlled substance. *Id.* at 2–4.

Ms. Spivey's supervised release has been revoked twice before. First, in May, 2015, she was found guilty of using a controlled substance and the associated criminal conduct and sentenced to six months of incarceration followed by three years of supervised release. [R. 542.]

Second, in August, 2017, Ms. Spivey was again found guilty of using controlled substances and sentenced to 12 months and a day of imprisonment, followed by two years of supervised release. [R. 643.]

On May 8, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) charging Ms. Spivey with two violations of the conditions of her supervised release. [R. 687 at 2.] The Report alleges that U.S. Probation Officer Joey Tyler conducted a home visit and requested a urine specimen, which Ms. Spivey stated she could not provide. *Id.* He also requested documentation of her recent mental health hospitalization, but she denied having a copy. *Id.* at 2–3. Officer Tyler told her to report to the probation office later that day to comply with both requests and Ms. Spivey failed to do so. *Id.* at 3. The Report alleges this constitutes one violation of Ms. Spivey's supervised release conditions that she (1) report to the probation officer as instructed, and (2) follow the probation officer's instructions. *Id.* at 2–3. The Report also alleges one violation of the conditions that she (1) participate in a substance abuse program if necessary, and (2) participate in mental health treatment at the probation officer's direction. *Id.* at 3. Ms. Spivey had been referred to Cumberland River Behavioral Health, but she failed to keep two appointments (causing her to be 1.5 hours short of her required time in March, 2019), and did not participate at all in April or May. *Id.* at 3–4. Both are Grade C violations. *Id.* at 3–4.

The USPO also filed an Addendum to the Report on May 31, 2019. *Id.* at 2. This Addendum alleges that on May 30, 2019, Ms. Spivey admitted to using Suboxone (buprenorphine) and methamphetamine. *Id.* at 4. This resulted in two violations of Ms. Spivey's conditions, (1) that she refrain from unlawful use of a controlled substance, (a Grade C violation) and (2) that she not commit another federal, state, or local crime, or unlawfully possess a

controlled substance (a Grade B violation).[1]  *Id.*

On May 30, 2019 Ms. Spivey appeared before Magistrate Judge Hanly A. Ingram for her initial appearance pursuant to Rule 32.1.  [R. 675.]  Ms. Spivey knowingly, voluntarily, and intelligently waived her right to a preliminary hearing.  *Id.*  On June 3, 2019, she appeared again for an initial hearing regarding the violations in the Addendum, and again knowingly, voluntarily, and intelligently waived her right to a preliminary hearing.  [R. 678.]  The Court scheduled a final hearing for June 17, 2019.  *Id.*  Ms. Spivey did not argue for release, and the Court ordered she remain detained.  *Id.*  At the final revocation hearing, Ms. Spivey knowingly, voluntarily, and intelligently stipulated to the violations alleged in the Report and the Addendum.  [R. 686.]  That stipulation included a condition that the Court can find her conduct constitutes a Grade B violation, at most.  [R. 687 at 5; U.S.S.G. § 7B1.1(a)(2).]  Subsequently, Judge Ingram prepared a recommended disposition.  [R. 687.]

With her criminal history of II and a Grade B violation, the parties agree that Ms. Spivey's guideline range under the Revocation Table is 6-12 months.  *Id.* at 6-7.  The parties jointly recommended revocation of supervision and a 12-month term of imprisonment, with no supervised release to follow.  [R. 687 at 5-6.]

Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment.  *Id.* at 7.  As an initial matter, Judge Ingram noted that Congress mandates revocation in this context because Ms. Spivey possessed a controlled substance.  *Id.*; *see* 18 U.S.C. § 3583(g)(1).  Considering the nature and circumstances of the underlying offense, Judge Ingram noted that Ms. Spivey's underlying conviction was for conspiracy to distribute oxycodone, which she participated in because of her own addiction.  [R.

---

[1] This violation is based on Ms. Spivey's prior drug conviction and a Sixth Circuit ruling that use is equated to possession, so her stipulation constitutes a violation of 21 U.S.C. § 844(a). [R. 687 at 4.]

3

687 at 7–8.] Judge Ingram emphasized Ms. Spivey's association with individuals trafficking drugs increases her likelihood of engaging in criminal behavior. *Id.*

In considering Ms. Spivey's history and characteristics, Judge Ingram noted the interaction of her mental health and substance abuse issues. *Id.* at 8. While she had shown some success in the past, her need to address her substance abuse issues warranted a term of imprisonment to deter criminal conduct and protect the public. *Id.* Addressing Ms. Spivey's need for education, training, or treatment, Judge Ingram found that mental health and substance abuse assistance had not been successful in the past. *Id.* Her failure to take advantage of the assistance opportunities she had been offered made Judge Ingram "unwilling" to recommend treatment. *Id.* Finally, Judge Ingram noted the primary wrong in supervised release violations is the offender's violation of the Court's trust, warranting the (in effect) harsher penalty than that for Ms. Spivey's prior violation. *Id.* at 9; U.S.S.G. § 7A(3)(b).

Regarding imposition of supervised release, Judge Ingram pointed to Ms. Spivey's multiple violations and failure to utilize the USPO's offered resources, and reasoned taxpayers should not be required to "bear the cost of trying to help [her] succeed." [R. 687 at 9.] Therefore, supervised release will not be productive. *Id.* Ultimately, Judge Ingram found the suggested sentence of 12 months of incarceration with no term of supervised release to follow is sufficient but not greater than necessary to punish and deter Ms. Spivey's conduct in violating his supervised release. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Ms. Spivey has

filed a waiver of allocution. [R. 691.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 687**] as to Defendant Sheila Diane Spivey is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Spivey is found **GUILTY** of all violations;

3. Ms. Spivey's Supervised Release is **REVOKED;**

4. Ms. Spivey is hereby **SENTENCED** to a term of incarceration of **twelve (12) months** with no period of supervised release to follow; and

5. Judgment shall enter promptly.

This the 19th day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge